The document below is hereby signed.

Signed: January 8, 2019



*S. Martin Teel Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNTIED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CHARLES D. ADAMS, | ) | Case No. 18-00809 |
| | ) | (Chapter 13) |
| Debtor, | ) | |
| | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING TEMPORARY
WAIVER TO FILE CERTIFICATE OF CREDIT COUNSELING, DISMISSING
THE CASE, AND RETAINING JURISDICTION OVER THE ISSUE OF
WHETHER THE DEBTOR SIGNED AND AUTHORIZED THE FILING OF THIS CASE

The debtor, Charles D. Adams, initiated this case by filing a voluntary petition on December 21, 2018, accompanied with a certificate of prepetition credit counseling evidencing that the debtor had completed such credit counseling on April 27, 2018. Under 11 U.S.C. § 109(h)(1), a person may not be a debtor if that person has not received a certificate of credit counseling within 180 days prior to the filing of a case in bankruptcy. The certificate of credit counseling provided by the debtor was issued 238 days prior to his filing of this case. The court ordered the debtor to file an amended prepetition certificate of credit counseling or show cause why this case ought not be

dismissed.  The debtor responded by telling the court that he was told by the court clerk that he could use the certificate of credit counseling used in his previous chapter 7 case, Case No. 18-00295.  The debtor also requests that the court permit him to retake the credit counseling with the same credit counseling agency, and submit a new certificate.  The court will read this as a request for a temporary waiver of credit counseling.

Under § 109(h)(3)(A), the debtor may be excused from filing a certificate of prepetition credit counseling, and file a postpetition certificate of credit counseling, if the debtor:

submits to the court a certificate that—

    (i)  describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

    (ii)  states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made the request; and

    (iii)  is satisfactory to the court.

The debtor's request does not explain what exigent circumstances merit a waiver of the prepetition credit counseling, and the debtor's response evidences that he did not request credit counseling that was unavailable during the 7-day period prior to his filing this case.  The fact that the court clerk informed the debtor that the certificate from his previous case would be fine does not obviate the debtor's duty to check

the law and ensure that his certificate does in fact meet statutory requirements. Finally, the request is not satisfactory to the court. Accordingly, the debtor does not qualify for a temporary waiver of the credit counseling and therefore cannot show that he qualifies as a debtor under 11 U.S.C. § 109(h).

The issue of whether the debtor signed and authorized the filing of the petition remains pending after the dismissal of the case. Accordingly, the court will retain jurisdiction over the case and the debtor is still required to appear at the hearing set for January 11, 2019, at 10:30 a.m.

It is

ORDERED that the debtor's request for temporary waiver of credit counseling is DENIED. It is further

ORDERED that the above-captioned case is dismissed and the clerk shall issue a notice to all creditors that the case has been dismissed. It is further

ORDERED that the court retains jurisdiction over this case to hear whether the debtor signed and authorized the filing of the petition, and the debtor shall appear at the hearing set for January 11, 2019, at 10:30 a.m.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); Recipients of e-notifications of filings.